## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

July 7, 2014

### LETTER OPINION

*All counsel of record via ECF*

**Re:** **Tinio v. St. Joseph's Regional Medical Center (13-829-JLL-JAD)**

Dear Counsel:

This letter opinion concerns the parties' dispute regarding whether Defendant should be permitted to obtain employment records from Plaintiff's current employer. On April 7, 2014, Defendant filed its letter seeking the Court to order Plaintiff to execute authorizations for her employment records (ECF no. 21). The Court had a telephone conference with the parties on April 10, 2014. The Court has reviewed the letter briefs filed by the parties on this issue, and considered the arguments the parties raised during the Court's April 10 telephone conference. For the following reasons, the Court denies Defendant's request.

In this employment discrimination case, Plaintiff alleges that Defendant retaliated against her by terminating her eemployment after she appeared as a witness in another employee's EEOC hearing and corroborated the allegations of race discrimination. *See* Complaint (ECF no. 1). Plaintiff alleges violation of three counts: Title VII of the Civil Rights Act, retailiation in violation of the New Jersey Law Against Discrimination, and violation of the New Jersey Conscientious Employee Protection Act ("CEPA").

1

Defendant wants Plaintiff to sign authorizations to release her employment records from her current and former employers. Defendant argues that the records of Bellevue Hospital are relevant because Plaintiff was employed at Bellevue while she was working for Defendant. Defendant argues that Plaintiff may have been employed or terminated under unpleasant circumstances with any of her former employers, and that Plaintiff may have brought similar claims of discrimination or retaliation against such employers. Defendant further argues that if Plaintiff is a whistleblower or chronic complainer, she may not be entitled to protection under CEPA. Plaintiff fears interference with her current employment at Bellevue. Plaintiff also claims she has had only two employers since 2003, the Defendant and Bellevue Hospital, and that records from employers other than Bellevue Hospital would be over 10 years old.

District courts have "broad discretion to tailor discovery narrowly to meet the needs of each case." *Estate of Chance ex rel. Humphreys v. First Correctional Medical, Inc.*, 329 F. App'x. 340, 343 (3d Cir. 2009) (internal citations omitted). "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Pursuant to Rule 26(b)(2)(C)(3), "the court must limit the…extent of discovery otherwise allowed by these rules…if it determines that…the burden [] of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(3). Courts consider "the importance of the discovery in resolving the issues" at stake in the case in determining whether the burden of the discovery outweighs its likely benefit.[1] *Id.*

For the following reasons, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court will limit Defendant's discovery and preclude discovery of these employment records. The Court finds that records of employers dating back to more than 10 years ago are too remote and irrelevant to the

---

[1] Courts also consider "the needs of the case, the amount in controversy, the parties' resources, [and] the importance of the issues at stake in the action." *Id.*

issues at stake in this case. Whether Plaintiff is a whistleblower or chronic complainer is not a determinative factor in this case; it *may* go to Defendant's arguments regarding credibility. In any event, this Court finds in the context of this case that the possibility of complaining 10 years ago is not sufficiently probative to warrant the effort.

As for Plaintiff's employment records from Bellevue, the Court finds that although such records may have some relevance to this case, the burden of producing such records outweighs the likely benefit. Because Plaintiff currently works at Bellevue, Plaintiff has a legitimate fear regarding interference with her current employment. Courts in such cases have precluded production of current employment records because "individuals have a legitimate privacy interest in information regarding [their] subsequent employment." *EEOC v. Princeton*, no. 10-4126 (PGS), 2012 WL 1623870, at *24 (D.N.J. May 9, 2012) (internal citations and quotations omitted). Furthermore, courts have recognized that subpoenas of current employers should be used only as a last resort "because of the direct negative effect that disclosures of disputes with past employers can have on present employment." *Id.* at *21. Indeed, courts have noted that a plaintiff may have a legitimate concern that a subpoena sent to a current employer may result in difficulties in a new job. *Id.* In such circumstances, courts may require defendant to "present independent evidence that provides a reasonable basis for it to believe that [a plaintiff] has filed complaints, grievances, lawsuits, or charges" relating to other employers. *Id.* at *22.

In this case, the Court finds that Plaintiff has a legitimate fear regarding the impact of the potential interference with her current employment. Defendant has not provided any information to demonstrate that the benefit of obtaining such records outweighs the burden of the potential negative effect on Plaintiff's present employment. Furthermore, Defendant does not provide any evidence demonstrating that Plaintiff may have been a chronic complainer during her employment at Bellevue or anywhere else. Although Defendant argues that the records can assist in calculating lost wages, Plaintiff has provided all her earning information from Bellevue, including her tax returns.

3

For the foregoing reasons, Defendant's application to compel Plaintiff's authorization for the release of her employment records is denied.

**SO ORDERED.**

_____
Hon. Joseph A. Dickson, U.S.M.J.

cc:   Hon. Esther Salas, U.S.D.J.